Docusign Envelope ID: E3B05B33-EB38-46CB-94E8-3991CE8E74BE

FILED

AUG 2 8 2024

Clerk U.S. District Court
Middle Dist. of N.C.

# UNITED STATES DISTRICT COURT
## for the
### Middle District of North Carolina

_____ Division

ANTINETTE BROWN

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

–v–

LVNV FUNDUNG LLC., AND RESURGENT CAPITAL
SERVICES L.P.,

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.    24CV736
       *(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [X] Yes   [ ] No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | ANTINETTE BROWN |
| Address | 190 MID CAPE ST SW APT 307 |

| | | |
|---|---|---|
| CONCORD | NC | 28027 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address | antinettebrown716@yahoo.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | LVNV FUNDING LLC |
| Job or Title *(if known)* | CORPORATION SERVICE COMPANY |
| Address | 1201 HAYS STREET |

| | | |
|---|---|---|
| TALLAHASSEE | FL | 32301 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | RESURGENT CAPITAL SERVICE L.P. |
| Job or Title *(if known)* | CORPORATION SERVICE COMPANY |
| Address | 1201 HAYS STREET |

| | | |
|---|---|---|
| TALLAHASSEE | FL | 32301 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☐ Official capacity

Defendant No. 3
  Name                          _____
  Job or Title *(if known)*     _____
  Address                       _____
                                _____
                                _____
                                City                State              Zip Code
  County                        _____
  Telephone Number              _____
  E-Mail Address *(if known)*   _____

  ☐ Individual capacity    ☐ Official capacity

Defendant No. 4
  Name                          _____
  Job or Title *(if known)*     _____
  Address                       _____
                                _____
                                _____
                                City                State              Zip Code
  County                        _____
  Telephone Number              _____
  E-Mail Address *(if known)*   _____

  ☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

  ☐ Federal officials (a *Bivens* claim)

  ☐ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?
        CONCORD. NC

B.      What date and approximate time did the events giving rise to your claim(s) occur?
        ON OR ABOUT AUGUST 2024

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
        COMPLAINT ATTACHED WITH EXHIBITS

Docusign Envelope ID: E3B05B33-EB38-46CB-94E8-3991CE8E74BE

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

COMPLAINT ATTACHED WITH EXHIBITS

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

COMPLAINT ATTACHED WITH EXHIBITS

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        8/25/2024

Signature of Plaintiff

Printed Name of Plaintiff     ANTINETTE BROWN

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_____  _____  _____
                    City                        State          Zip Code

Telephone Number

E-mail Address

Docusign Envelope ID: AA7FD131-5F4A-4A3F-BA44-6A7BB742033C

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTINETTE BROWN, | Case No.: Number |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| LVNV FUNDING LLC., AND RESURGENT CAPITAL SERVICES L.P., | |
| Defendant | |

### PRELIMINARY STATEMENT

This is a civil action for actual, punitive, statutory damages and cost brought upon by Antinette Brown, ("Plaintiff or Brown") an individual consumer, against the Defendants LVNV Funding LLC., hereinafter ("LVNV"), Resurgent Capital Services L.P., hereinafter ("Resurgent") for violations of the Fair Debt Collection Practices Act, 15 U.S. Code § 1681 et seq. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

3. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b)(1) and 28 U.S.C § 1391(b)(2) because a substantial part of the events, omissions or

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

conducts giving rise to Plaintiff claim occurred in this judicial district.

Defendants transact business in Atlanta, Georgia.

4. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C § 1367.

## **PARTIES**

5. Plaintiff, Antinette Brown ("Plaintiff or Ms. Brown"), is a natural person and consumer as defined by 15 U.S.C § 1681a(c), residing Concord, North Carolina.

6. Upon information and belief, Resurgent Capital Services, L.P., (hereinafter "Resurgent") is acting as a "servicer" of the agreement between Credit One and Ms. Brown.

7. Upon information and belief, LVNV Funding LLC (hereinafter "LVNV") is a debt collector as defined in the Fair Debt Collection Practices Act (hereinafter "FDCPA 15 U.S.C § 1692a(6)") and is a corporation that is licensed to do business in the state of North Carolina with a principal address of 55 Beattie Place, STE 110, Greenville, SC 29601-5115.

8. LVNV regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

experiences with the consumer(s), 15 U.S.C. §1681s-2(b), and is a credit "furnisher" under the FCRA.

9. LVNV engages in the collection of debt from consumers using various methods of communication including credit reporting, email, telephone and mail.

10. LVNV regularly attempts to collect from consumers' debt alleged to be due to another companies.

11. LVNV regularly and in the ordinary course of business furnishes information to one or more one or more consumer reporting agencies about credit transactions or experiences with consumer(s), 15 U.S.C. 1681s-2(b) and is a credit "furnisher" under the FCRA.

12. Upon information and belief, LVNV is an assignee or purchaser of The Agreement between Credit One, Resurgent and Plaintiff.

13. The acts of the Respondent as described in the Complaint were performed by Respondent or on Respondent's behalf by its owners, officers, agents, and /or employees acting withing the scope of their actual or apparent authority. As such, all references to "Respondent" in this Complaint shall mean Respondents or their owners, officers, agents, and/or employees.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

Docusign Envelope ID: AA7FD131-5F4A-4A3F-BA44-6A7BB742033C

## BACKGROUND OF

## THE FDCPA

14. The Fair Debt Collection Practices Act (FDCPA) is a federal law established in 1977 to eliminate abusive practices in the collection of consumer debts, promote fair debt collection, and provide consumers with an avenue for disputing and obtaining validation of debt information to ensure the information's accuracy.

15. The FDCPA applies to personal, family, and household debts, including credit card debt, auto loans, medical bills, and mortgages. It restricts the behavior and actions of debt collectors by setting standards for how they can conduct themselves, including the time and manner in which they can contact debtors, prohibiting the use of deceptive or threatening tactics, and granting rights to consumers to request the validation of the debt and to dispute inaccuracies.

16. Strict liability under the Fair Debt Collection Practices Act (FDCPA) means that a debt collector can be held liable for violations of the Act without the need for the consumer to prove that the debt collector intended to violate the law or acted negligently. Essentially, the focus is on whether the prohibited act or omission occurred, rather than the debt collector's intent or state of mind.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

17. No Requirement of Intent or Negligence: Under the FDCPA, the consumer does not need to prove that the debt collector acted intentionally or negligently. If a debt collector violates any provision of the FDCPA, they can be held liable regardless of their intent or knowledge.

18. **No Requirement of Intent or Negligence:** Under the FDCPA, the consumer does not need to prove that the debt collector acted intentionally or negligently. If a debt collector violates any provision of the FDCPA, they can be held liable regardless of their intent or knowledge.

19. **Objective Standard:** The FDCPA sets an objective standard for debt collection practices. This means that if the actions of the debt collector violate the provisions of the FDCPA, the debt collector is liable, irrespective of whether they knew their actions were unlawful.

20. In *Russell v. Absolute Collection Servs., Inc., 763 F.3d 385 (4th Cir. 2014):* The court held that the FDCPA imposes strict liability on debt collectors, meaning that a consumer can recover damages for violations of the Act without needing to prove intent or knowledge on the part of the debt collector.

21. In *Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162 (9th Cir. 2006):* The Ninth Circuit noted that the FDCPA is a strict liability statute. Debt collectors are liable for violating the Act regardless of their intent.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

22. In *Gonzales v. Arrow Financial Services, LLC, 660 F.3d 1055 (9th Cir. 2011)*: The court held that the FDCPA is a strict liability statute, which means that it is sufficient for a consumer to show only that the debt collector violated the statute.

23. Debt Collectors must ensure that their practices comply strictly with the provisions of the FDCPA, as they can be held liable for any violations regardless of intent.

24. Consumers have the advantage of not needing to prove that the debt collector acted with intent or negligence to recover damages for violations of the FDCPA.

25. Strict liability under the FDCPA provides strong protections for consumers by holding debt collectors accountable for violations without the need to prove intent or negligence. This strict standard helps ensure that debt collectors adhere closely to the law, protecting consumers from abusive, deceptive, and unfair debt collection practices.

## **FACTS OF THE COMPLAINT**

26. In or around 2021, Plaintiff entered a contractual relationship with Credit One.

Docusign Envelope ID: AA7FD131-5F4A-4A3F-BA44-6A7BB742033C

27. At some point, Plaintiff defaulted on their promise to pay due to loss of
household income.

28. In or around July 8, 2024, Plaintiff received a letter via mail from Glass
Mountain Capital LLC (hereinafter "GMC") advising that they accept
$1,013.58 as a resolution for the account with LVNV for the alleged balance
of $1,351.44. *See* Exhibit A.

29. This is Plaintiff's first communication from GMC, so Plaintiff is unaware who
they are in this matter and when and how they took over this alleged debt
from LVNV.

30. Plaintiff pulled her credit report on or about July 20, 2024, and noticed a new
collection account was added by LVNV FUNDING LLC for the balance of
$1,351. *See* **Exhibit B**.

31. This is the first communication Plaintiff received from the Defendant with
them reporting to the credit reporting agencies (hereinafter "CRA").

32. Plaintiff never received a dunning letter from either GMC or LVNV.

33. A dunning letter is a formal communication set by a creditor or debt collection
agency to a consumer, requesting payment of an outstanding debt. It serves as

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

a reminder that the debt is overdue and typically outlines the amount owed,

the original creditor, the due date, and the consequences of failing to pay, such

as additional fees, legal action, or damage to the consumers credit rating. The

dunning letter is an essential part of the debt collection process and is often

the first steps in attempting to collect an alleged debt.

34. In or around August 6, 2024, Plaintiff mailed a letter via certified to both

LVNV and GMC advising that Plaintiff needed information on the alleged

debt and to communicate with her by email due to Plaintiff was having issues

with receiving her mail and email was the most convenient option. *See*

**Exhibit C**.

35. Plaintiff provided both LVNV and GMC of her email to send this account

information to.

36. The tracking number for LVNV letter is **9505510570314219025480** and the

tracking number fir GMC is **9505510570314219025503**.

37. LVNV received Plaintiff's letter on or about August 8, 2024, where an

individual picked it up at the postal facility at 6:57am. *See* **Exhibit C**.

38. GMC received Plaintiff's letter on or about August 10, 2024, at 1:15pm.

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

39. LVNV responded to Plaintiff's request for further communication to be via email with information on the alleged debt by sending their response via amil anyways.

40. Plaintiff received LVNV's response via mail with the letter dated August 15. 2024. *See* **Exhibit D**.

41. The letter advised they received Plaintiff's letter/inquiry and enclosed the account summary which provides verification of the alleged debt.

42. The documents the Defendant sent via mail to Plaintiff was a statement and a copy of a "Account Summary" page that had Plaintiffs personal information and account details on the alleged debt. *See* **Exhibit D**.

43. Also in this response is another letter stating Resurgent Capital Services L.P. manages the account and GMC is the current servicer if this account.

44. The fact that GMC sent a letter stating they have the account, while LVNV is reporting the debt on Plaintiffs credit report, caused Plaintiff confusion regarding who actually owns the debt. The FDCPA prohibits false, deceptive, or misleading representations about the debt, including who owns it.

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

Docusign Envelope ID: AA7FD131-5F4A-4A3F-BA44-6A7BB742033C

45. The last documentation provided in this response from LVNV is the "dunning letter" that was never sent to Plaintiff but is also dated August 15, 2024, advising that Resurgent is attempting to collect the alleged debt. *See* **Exhibit D**.

46. Again, Plaintiff clearly requested documents for validation be sent via email as seen in **EXHIBIT B** as this was the best and most convenient way for Plaintiff due to Plaintiff has been having issues with her mail being received.

47. LVNV and Resurgent failed to comply with Plaintiff's explicit communication request pursuant to 15 U.S.C. § 1692c(a)(1) by sending the validation documents via mail instead of email, as requested.

48. In *Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982)*, th court emphasized that the FDCPA must be interpreted in favor of the consumer to protect them from abusive collection practices. This principle supports Plaintiff's claim that Defendant's actions violated the FDCPA by not adhering to Plaintiff's requested communication method.

## COUNT I

### Violation of FDCPA 5 U.S.C. § 1692c(a)(1)

49. All preceding paragraphs are re-alleged.

COMPLAINT AND DEMAND FOR JURY TRIAL - 10

50. Under 15 U.S.C. § 1692c(a)(1), a debt collector must not communicate with a consumer at a time or place known or which should be known to be inconvenient to the consumer.

51. In *Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337 (7th Cir. 2018)*, the court found that a debt collector violated the FDCPA by continuing communication in a manner known to be inconvenient to the consumer.

52. In *Gruber v. Creditors' Prot. Serv., Inc., 742 F.3d 271 (7th Cir. 2014)*, the court emphasized that after a consumer notifies a debt collector of their preferred method of communication, the debt collector must comply, and any deviation can be considered a violation of the FDCPA.

53. Plaintiff's letter, sent on August 6, 2024, explicitly requested that all further communications be conducted via email, specifying that mail was inconvenient.

54. Defendant's receipt of this letter on August 10, 2024, made it aware Plaintiff's preference for email communication.

55. Despite this, Defendant sent the validation documents via mail on April 17, 2024, in violation of 15 U.S.C. § 1692c(a)(1) by failing to comply with Plaintiff's explicit communication request.

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

## COUNT II

### Violation of the FDCPA- Strict Liability

56. All preceding paragraphs are re-alleged.

57. The FDCPA is a strict liability statute. Therefore, Defendant is liable for violating its provisions irrespective of intent or knowledge. (See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162 (9th Cir. 2006)).

## COUNT III VIOLATION FAILING TO SEND A DUNNING LETTER

### (15 U.S.C. § 1692g(a))

58. All preceding paragraphs are re-alleged.

59. The FDCPA requires that within five days after the initial communication with a consumer, a debt collector must send a written notice (commonly referred to as a "dunning letter") containing:

- The amount of the debt.
- The name of the creditor to whom the debt is owed.
- A statement that unless the consumer disputes the validity of the debt within 30 days after receipt of the notice, the debt will be assumed to be valid by the debt collector.

COMPLAINT AND DEMAND FOR JURY TRIAL - 12

- A statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt is disputed, the debt collector will obtain verification of the debt and mail it to the consumer.

- A statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the name and address of the original creditor if different from the current creditor.

## COUNT IV Violation of Communication in a Manner Contrary to Consumer's Request
### (15 U.S.C. § 1692c(a)):

60. All preceding paragraphs are re-alleged.

61. The FDCPA stipulates that a debt collector must respect the consumer's requests regarding how they prefer to be contacted, provided it does not violate other requirements of the law. If you specifically requested communication via email and they instead communicated by mail, they might have violated this provision. However, this would depend on whether the communication method you requested was reasonable and whether they acknowledged your request.

## COUNT V Violation of False or Misleading Representations
### (15 U.S.C. § 1692e):

COMPLAINT AND DEMAND FOR JURY TRIAL - 13

62. All preceding paragraphs are re-alleged.

63. If GMC stated they had the account, but LVNV is reporting it on your credit report, this could create confusion regarding who actually owns the debt. The FDCPA prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, including the false representation of the character, amount, or legal status of any debt (15 U.S.C. § 1692e(2)(A)) or the false representation that any individual is an attorney or that any communication is from an attorney (15 U.S.C. § 1692e(3)).

## COUNT VI Violation Unfair Practices

## (15 U.S.C. § 1692f):

64. All preceding paragraphs are re-alleged.

65. The FDCPA also prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. If the communications or actions of the debt collectors (GMC and LVNV) led to confusion or misrepresentation, they might have engaged in unfair practices.

## ACTUAL DAMAGES

66. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to:

COMPLAINT AND DEMAND FOR JURY TRIAL - 14

a. **Emotional Distress:** Plaintiff has experienced anxiety, stress, and frustration as a result of Defendant's failure to adhere to her communication preference.

b. **Inconvenience:** Plaintiff has been inconvenienced by Defendant's failure to comply with her communication preference, which has disrupted her daily routine and caused unnecessary stress.

c. **Time and Effort:** Plaintiff has spent considerable time and effort in dealing with Defendant's improper communications, including drafting and sending the initial letter and subsequent follow-ups.

d. **Costs Incurred:** Plaintiff has incurred out-of-pocket expenses as a result of Defendant's violations, including postage and other related costs.

## DAMAGES

67. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL - 15

Docusign Envelope ID: AA7FD131-5F4A-4A3F-BA44-6A7BB742033C

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    C. Awarding punitive damages;

    D. Awarding Plaintiff, the costs of this action and reasonable fees and expenses pursuant to 15 U.S.C. § 1692k(a)(3);

    E. Equitable relief;

    F. Waiver of the alleged debt;

    G. Deletion of the tradeline;

    H. Awarding Plaintiff such other and further relief as the arbitrator may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

COMPLAINT AND DEMAND FOR JURY TRIAL - 16

Docusign Envelope ID: AA7FD131-5F4A-4A3F-BA44-6A7BB742033C

Dated this 25th of August 2024.

DocuSigned by:

6C38DD8A31714C1...

*Pro Se*

Antinette Brown

190 Mid Cape St SW Apt 307

Concord, NC 28027

antinettebrown716@yahoo.com

COMPLAINT AND DEMAND FOR JURY TRIAL - 17